UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN S. LYNN,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION AND EMPLOYEES, et al.<br><br>    Defendants. | No. 2:14-cv-2690 WBS KJN P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. Application to Proceed In Forma Pauperis

This action was transferred to this judicial district from the Northern District of California. Plaintiff initially filed an application to proceed in forma pauperis on the form used by the Northern District. On March 4, 2015, the undersigned issued an order denying plaintiff's application to proceed in forma pauperis without prejudice, directing the Clerk of the Court to send plaintiff the application form used in the Eastern District of California, and granting plaintiff 30 days within which to file a completed application.

Plaintiff failed to file an application to proceed in forma pauperis or otherwise respond to the order.  Accordingly, on May 12, 2015, the court issued findings and recommendations herein recommending that this action be dismissed without prejudice.  The findings and recommendations were served on plaintiff and contained notice that any objections to the findings and recommendations were to be filed within fourteen days.

On May 20, 2015, plaintiff filed a notice alleging that his mail has been tampered with.  He claims to have enclosed a completed application to proceed in forma pauperis with his notice.  However, the purported application contains only the first page of an application, once again on the form used by the Northern District of California.

The court has reviewed the documents that plaintiff originally submitted to the Northern District of California.  He therein authorizes prison officials to withdraw the required filing fee from his prison trust account.  (ECF No. 13 at 4.)  Plaintiff also included a properly-completed certificate of funds in his prison trust account (id. at 5), and a certified trust account statement (id. at 6).  Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff's request to proceed in forma pauperis will be granted and the findings and recommendations recommending dismissal will be withdrawn.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

////

The statement of claim in plaintiff's complaint reads in its entirety as follows:

> (1) Nurse practitioner Lopez @ Calipatria continually refused to give chlorpheniramine leading to a ruptured polyp, 4 pints of lost blood and no heartbeat with life-flight U.C.S.D. 1-7-13.  (2) Dr. Colombini @ Calipatria participated in denying meds for survival which nearly killed me again about 3-13-13.  (3) Jerome Daszko MD @ Solano issued an Accommodation Chrono on 8-29-13 stipulating no standing/walking but refused to provide a wheelchair which ruined I/P surgery.  (4) Dr. Pai at C.M.F. refused wound care debridment[1] contributing to infection.  (5) P.A. Blanco @ C.H.C.F. fed infection with weak antibiotics causing emergency surgery from R. Sato on 1-7-14 to remove the large infection and saved my leg from amputation!

(sic) (ECF No. 12 at 3.)[2]

Plaintiff appears to claim that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements:  "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

---

[1] The court is uncertain what the term "I/P" means.  In any amended complaint, plaintiff should explain the meaning of this term.

[2] Though the complaint is captioned "Calvin Lynn v. California Department of Corrections & Rehabilitation and Employees," only the five individuals named in this paragraph (Lopez, Columbini, Daszko, Pai, and Blanco) are identified as defendants in the complaint.

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059. "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)); Sanchez v. Vild,

1  891 F.2d 240, 242 (9th Cir. 1989).

2  In his complaint, plaintiff has failed to plead factual allegations which demonstrate (i) the seriousness of his medical needs and (ii) that each of the named defendants acted with deliberate indifference to those needs, as required under the standards set forth above. As such, the complaint fails to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93 (internal citations and quotations omitted). Plaintiff will nevertheless be granted leave to file an amended complaint in order to cure the deficiencies in his pleading.

Plaintiff also appears to be attempting to sue multiple defendants for acts that took place at multiple institutions. Plaintiff is advised that he may join multiple claims if they are all brought against a single defendant. Fed. R. Civ. P. 18(a). Alternately, he may sue multiple defendants if "(A) any right to relief is asserted against [those defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions of occurrences; and (B) any question of law or fact common to all [those] defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a) . . . . Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

It appears that plaintiff violated Rule 18(a) by including multiple unrelated claims against multiple defendants in this single filing. Plaintiff will be given an opportunity to file an amended complaint under this case number, wherein he is directed to plead only related claims. All unrelated claims should be brought in separate suits. Eastern District Local Rule 110 provides for

6

the imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the court if a party fails to comply with the court's Local Rules or any order of the court. Moreover, Eastern District Local Rule 183(a) provides, in pertinent part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), overruled on other grounds, Lacey v. Maricopa Cnty., 693 F.3d 896 (9th Cir. Aug. 29, 2012). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Hous. Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986). Any continuing violation of Rule 18(a) may result in the dismissal of some of plaintiff's claims, or the dismissal of this action based on plaintiff's failure to comply with court orders.

It also appears that at least two of plaintiff's claims arise from events that allegedly took place at Calipatria State Prison. The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of

the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  To the extent that the events which plaintiff alleges as having occurred at Calipatria are unrelated to the events which plaintiff alleges as having taken place at California State Prison-Solano, California Medical Facility and/or California Health Care Facility, it is likely that the claims arising in Calipatria must be filed in the United States District Court for the Southern District of California.  The latter court has jurisdiction over claims arising in Imperial County, where Calipatria State Prison is located.

A final concern for the court is that plaintiff has attached to his complaint documents relating to a motion for appointment of counsel pursuant to California Penal Code § 1405, which provides that "[a] person who was convicted of a felony and is currently serving a term of imprisonment may make a written motion . . . before the trial court that entered the judgment of conviction in his or her case, for performance of forensic [DNA] testing."  Cal. Penal Code § 1405(a).  The statute also provides for the appointment of counsel "to investigate and, if appropriate, to file a motion for DNA testing . . . and to represent the person solely for the purpose of obtaining DNA testing under this section."  Cal. Penal Code § 1405(b)(3)(B).  Plaintiff is informed that he cannot seek to enforce a provision of state law through an action filed under 42 U.S.C. § 1983.  To state a cognizable claim under Section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the **United States** . . . ."  West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting Lovell v. Poway Unified School Dist., 90 F.3d 367, 370 (9th Cir. 1996)).

////

Ultimately, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

////

III. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 12, 2015 (ECF No. 20) are vacated.

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's complaint (ECF No. 12) is dismissed.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: September 8, 2015

/lynn2690.14.new.kjn

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN S. LYNN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION AND EMPLOYEES, et al.,<br><br>　　　　Defendants. | No.  2:14-cv-2690 WBS KJN P<br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____　　　　Amended Complaint
DATED:

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Plaintiff