UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN S. LYNN,<br><br>            Plaintiff,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION AND EMPLOYEES, et al.,<br><br>            Defendants. | No. 2:14-cv-2690 WBS KJN P<br><br>ORDER |

   Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On September 8, 2015, plaintiff's complaint was dismissed and thirty days leave to amend was granted. (ECF No. 23.) When plaintiff did not initially respond to the court's order, the court filed findings and recommendations recommending dismissal of this action pursuant to Federal Rule of Procedure 41(b). (ECF No. 25.) Plaintiff then filed a notice with the court providing in pertinent part that plaintiff was "unable to address the Court due to his Churg[]-Strauss Syndrome." (ECF No. 26 at 1.) Plaintiff also claimed that he had "been requesting A.D.A. American Disability Act certification to present to the court, but . . . found resistance and non-compliance by CDCR." (sic) (Id.) By order dated December 18, 2015, the court advised plaintiff that he did not need to present a certification of his disability in order to proceed, but

1

merely needed to file a complaint that meets the requirements of the September 8, 2015 order. The court granted plaintiff thirty days to file an amended complaint, and cautioned plaintiff that failure to file an amended complaint would result in a recommendation that this action be dismissed. (ECF No. 27.) Plaintiff thereafter filed two motions for appointment of counsel, but did not file an amended complaint.

In his requests for counsel, plaintiff appears to assert that he requires counsel in order to prepare an amended complaint. (See ECF No. 28, 29.) Plaintiff alleges that he is disabled and suffers from Churg-Strauss syndrome, which causes stiff, immovable fingers and joints, and often confines plaintiff to a bed. (ECF No. 29 at 2-3.) Plaintiff further alleges that he suffers from organic brain syndrome, which causes "memory lapses." (Id. at 2, 5, 13.) In support of his requests for counsel, plaintiff submits medical and Social Security records from 1984 through 2001, which confirm that plaintiff was diagnosed with organic brain syndrome with severe personality impairment following a head injury in 1984. (See id. at 18, 25.) Plaintiff's Social Security records indicate that as of 2001, plaintiff was diagnosed as mentally retarded. (See id. at 28.) Plaintiff asserts that counsel should be appointed because he has not received adequate assistance from "persons trained in law" and has had to rely on the assistance of other inmates in preparing his legal documents. (Id. at 5-7, 9.) At the end of his motion, plaintiff indicates that some of his filings have not reached the court. Plaintiff states, "I have not included the Amended Complaint because this may not reach the courts either!" (Id. at 36.) Plaintiff requests that the court return a copy of the instant motion if it "gets through." (Id.)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

1 abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional
2 circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of
3 legal education and limited law library access, do not establish exceptional circumstances that
4 warrant a request for voluntary assistance of counsel.

5 It appears from plaintiff's motion that plaintiff may have prepared an amended complaint
6 but decided not to file it with the court until he receives confirmation that his motion for counsel
7 was received by the court. (See ECF No. 29 at 36.) Plaintiff is advised that the court needs to
8 review his amended complaint in order to determine whether appointment of counsel is
9 warranted. Because no complaint is pending before the court, the court is unable to evaluate
10 whether plaintiff is likely to succeed on the merits of this action. See Palmer, 560 F.3d at 970
11 (district court should consider plaintiff's likelihood of success on the merits in determining
12 whether exceptional circumstances warranting appointment of counsel exist).

13 Plaintiff will be granted an additional thirty days to file his amended complaint. In order
14 to assist plaintiff in preparing his amended complaint, the Clerk of the Court will be directed to
15 send plaintiff a copy of the court's September 8, 2015 order, which sets forth the requirements for
16 plaintiff's amended complaint. (See ECF No. 22 at 4-9.) Specifically, plaintiff is reminded that
17 in his amended complaint, he should explain how each defendant violated his constitutional
18 rights. Plaintiff should include only related claims. Unrelated claims against different defendants
19 should be brought in separate lawsuits.

20 The court will defer ruling on plaintiff's request for counsel until after the thirty-day
21 period for plaintiff to file his amended complaint has expired. Therefore, plaintiff is not required
22 to re-file his motion for counsel. However, if plaintiff has more recent documentation of his
23 mental disabilities,[1] he is encouraged to file such documentation with the court as a supplemental
24 exhibit to his motion for counsel.
25 ////
26 ////
27

---

28 [1] Plaintiff's most recent documentation of his disability is from 2001. (ECF No. 29 at 28.)

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall file an amended complaint no later than thirty days from the date of the filing of this order. Plaintiff's failure to file an amended complaint will result in a recommendation that this action be dismissed without prejudice.
2. Together with a copy of this order, the Clerk of the Court is directed to mail plaintiff a § 1983 civil rights complaint form and the accompanying directions, as well as a copy of the court's September 8, 2015 order (ECF No. 22) for plaintiff's reference.
3. The court will not rule on plaintiff's motions for counsel (ECF Nos. 28 & 29) at this time.
4. If plaintiff has more recent documentation of his mental disability, he should file it with the court as a supplemental exhibit to his motion for counsel.

Dated: June 8, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lynn2690.amd